J-S12040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW S. SLAUGHTER | : | |
| | : | |
| Appellant | : | No. 2070 EDA 2024 |

Appeal from the PCRA Order Entered July 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0318991-1992

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 8, 2025**

Appellant, Matthew S. Slaughter, appeals *pro se* from the post-conviction court's July 12, 2024 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his instant appeal. We need only note that on June 11, 1992, Appellant was convicted of second-degree murder, robbery, and possessing an instrument of crime. He was sentenced on January 14, 1993, to life imprisonment, without the possibility of parole, for his murder conviction, and a consecutive term of 5 to 10 years' incarceration for his robbery offense. This Court affirmed Appellant's judgment of sentence on October 20, 1993. *See* ***Commonwealth v. Slaughter***, 638 A.2d 271 (Pa. Super. 1993). He did not file a petition for allowance of appeal with our Supreme Court.

Over the next 25 years, Appellant litigated several unsuccessful PCRA petitions. On September 27, 2022, he filed the *pro se* petition that underlies his instant appeal. Therein, Appellant alleged that he is entitled to a new trial based on his discovery of an August 13, 2021 news article, which revealed that a detective involved in Appellant's case, Frank Jastrzembski,[1] "was arrested and charged with multiple counts of both [p]erjury and [f]alse [s]wearing." PCRA Petition, 9/27/22, at 2 (unnumbered). Although the trial transcripts do not list Detective Jastrzembski as a witness, Appellant claimed that the detective was a "key witness" and the "lead investigator" in Appellant's case. *Id.* Appellant further averred, without elaboration, that the detective "misrepresented and/or ignored critical facts by failing to follow up on both inculpatory and exculpatory information which would have demonstrated a wrongful conviction of [Appellant] which could have lead [*sic*] to a third[-]degree homicide conviction … instead of a second[-]degree homicide conviction." *Id.* Appellant also claimed that Detective Jastrzembski "coerc[ed] statements and testimony while concealing evidence, … which made [Appellant] the target" of the investigation, and that the Commonwealth then "used this information for a wrongful conviction of [Appellant]." *Id.*

Appellant additionally stated in his petition that he was filing it within one year of his discovery of the news article detailing Detective Jastrzembski's misconduct in other cases. He handwrote the date of August 7, 2022, on the

_____

[1] The detective's surname is spelled differently at times by the parties and the PCRA court. We adopt the spelling most often used.

petition. *See id.* at 7 (unnumbered). However, the petition was not time-stamped and docketed until September 27, 2022.

On July 12, 2024, the PCRA court filed an order dismissing Appellant's petition.[2] Appellant timely filed a *pro se* notice of appeal. The record does not indicate that the PCRA court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, on July 31, 2024, the PCRA court filed an opinion in satisfaction of Rule 1925(a). Herein, Appellant states one issue for our review:

> Whether the PCRA court erred[]or abused its discretion in dismissing [Appellant's] PCRA petition[, after] ruling that [Appellant] failed to provide any evidence in support of his claim, nor demonstrated that any misconduct or impropriety has been committed in his case?

Appellant's Brief at 1-2 (internal quotation marks omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate

_____

[2] There is no explanation for the court's delay in disposing of Appellant's petition. We also note that the court stated, in its order dismissing the petition, that it had provided Appellant with a Pa.R.Crim.P. 907 notice of its intent to dismiss, but the docket does not reflect that any Rule 907 notice was filed or sent to Appellant, and no Rule 907 notice is included in the certified record. Nevertheless, our Supreme Court has held that, where a PCRA petition is untimely, the court's failure to issue a Rule 907 notice does not require reversal. ***See Commonwealth v. Pursell***, 749 A.2d 911, 917 n.7 (Pa. 2000).

our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

Here, Appellant's judgment of sentence became final in 1993, and thus his instant petition filed in 2022 is patently untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the newly-discovered-fact exception of section 9545(b)(1)(ii) based on the news article that revealed Detective Jastrzembski's misconduct in other cases. Initially, we observe that Appellant does not specifically state when he discovered the news article, which he claims was published on August 13, 2021. **See** Appellant's Brief at 2 (stating that he "received information through an August 13, 2021[] article" that Detective Jastrzembski committed misconduct in other cases). If we consider August 13, 2021, as the date on which Appellant discovered this allegedly new fact about the detective's misconduct, his petition was filed **over** one year later, on September 27, 2022. Although Appellant handwrote the date of August 7, 2022, on his petition, the record does not contain proof of the date on which he **mailed** the petition in order to determine the filing date under the prisoner mailbox rule. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing."). Thus, Appellant has failed to prove that he satisfied the one-year deadline of section 9545(b)(2).

In any event, even if Appellant had demonstrated that he met section 9545(b)(2), we would agree with the PCRA court that he has failed to prove the applicability of the newly-discovered-fact exception. The court explained:

> [Appellant] failed to provide any evidence in support of his claim, nor demonstrate[] that any misconduct or impropriety has been committed in his case. The mere fact that this detective has been charged with misconduct in general does not operate as a newly[-]discovered fact in [Appellant's] case. General allegations regarding misconduct are not sufficient to overcome the time bar. Such a presentation falls woefully short of [Appellant's] obligation to plead and prove that one of the exceptions to the time bar exists. *See*[] *Commonwealth v. Reeves*, 296 A.3d 1228 (Pa. Super. 2023) ([finding the p]etitioner's general statements obtained from newspaper articles about police misconduct in other cases committed by detectives in his case [did] not meet the requirements for either the newly[-]discovered[-]fact or governmental[-]interference exceptions to the PCRA time bar).

PCRA Court Opinion, 7/31/24, at 2 (unnumbered).

In *Reeves*, we held that "newspaper articles referencing misconduct [by police] in matters unrelated to [the petitioner] do not constitute newly-discovered facts." *Reeves*, 296 A.3d at 1233. *See also Commonwealth v. Brown*, 134 A.3d 1097, 1109 (Pa. Super. 2016) (holding that a new trial was not warranted where the only evidence of misconduct offered against a detective was not specific to Brown's case); *Commonwealth v. Daniels*, No. 3005 EDA 2019, unpublished memorandum at 5 (Pa. Super. filed Aug. 7, 2020) (finding that evidence of a detective's misconduct in an unrelated case "is not evidence of [that d]etective['s] … misconduct in the instant case and

therefore does not provide a factual basis for any claim Daniels could make").[3]
This is because "the 'fact' on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief." ***Commonwealth v. Myers***, 303 A.3d 118, 122 (Pa. Super. 2023) (citing ***Commonwealth v. Robinson***, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*)). Here, the newspaper article on which Appellant relies does not reveal any misconduct that Detective Jastrzembski committed ***in Appellant's case***. Thus, the misconduct alleged against the detective in other, unrelated cases does not have any logical connection to a claim for relief by Appellant.

We also reject Appellant's argument that he cannot "provide the evidence to substantiate his claim that Detective Jastrzembski may have … committed misconduct in his case" because the Commonwealth has withheld exculpatory evidence in violation of ***Brady v. Maryland***, 373 US 83 (1963). Appellant's Brief at 8. Notably, Appellant offers no discussion of ***what*** exculpatory evidence the Commonwealth withheld. Instead, he only baldly claims that the Commonwealth should be required to turn over "any and all exculpatory evidence contained in the 'H. Files' and 'Police Activity Sheets' regarding Detective Jastrzembski's investigative involvement in this matter." ***Id.*** Appellant does not indicate what exculpatory evidence would be contained

---

[3] Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b)(1)-(2).

in the documents he seeks. He also does not identify any specific misconduct by Detective Jastrzembski ***in this case*** that would — or even ***might*** — be proven by information contained in the documents purportedly withheld by the Commonwealth. Although Appellant claimed in his petition that the detective failed to investigate exculpatory evidence, coerced witness statements, and concealed evidence, Appellant did not flesh out any of these claims in his petition, and he does not even mention them on appeal. Thus, Appellant has not demonstrated that the Commonwealth has withheld information that would show Detective Jastrzembski committed misconduct in Appellant's case.

In sum, Appellant cannot meet the newly-discovered-fact exception based on Detective Jastrzembski's misconduct in other, unrelated cases without some indication that the detective committed misconduct ***in this case***. Because Appellant has offered no such evidence, he has failed to meet a timeliness exception.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/8/2025